UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

UNITED STEEL, INC.,

    Plaintiff,                                    CASE NO.

v.

WHITING-TURNER CONTRACTING
COMPANY, LLC.,

    Defendant.

_____

## **COMPLAINT**

United Steel, Inc. ("United Steel") brings the following claims against Whiting-Turner Contracting Company, LLC ("Whiting-Turner") (hereinafter referred to as the "Complaint"):

### **PARTIES**

1. Whiting-Turner is a Maryland corporation with its principal place of business at 300 East Joppa Road, Baltimore, Maryland 21286.

2. United Steel is a Connecticut company with its principal business address at 164 School Street, East Hartford, CT, 06108.

### **JURISDICTION AND VENUE**

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action involving an amount in controversy exceeding $75,000.00, exclusive of interests and costs, and the only cognizable claims stated in the Complaint are between citizens of different states.

4.      Venue for this action is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 90(a)(2) as Whiting Turner is a resident of Baltimore, Maryland, and United Steel and Whiting-Turner entered a contract which requires disputes to be litigated in the state of Maryland.

## BACKGROUND

5.      United Steel and Whiting-Turner entered into a contract (the "Subcontract") to supply structural steel and miscellaneous metal for the U.S. Navy B178 Waterfront Support Facility located at Portsmouth Naval Shipyard, Kittery, ME 03904 (the "Project").  A copy of the Subcontract is attached as **Exhibit A**.

6.      The initial Subcontract amount was $7,056,000.00 and later increased to a total contract value of $11,290,371.55 by approved change orders.

7.      As required by the Subcontract, United Steel submitted pay applications to Whiting-Turner.  United Steel last received payment in July 2023.  United Steel's work is complete and after proper performance of the project requirements according to the contract documents $757,919.89 in properly submitted pay applications remain pending between United Steel and Whiting-Turner.

8.      A summary of outstanding pay applications sorted by date is below:

| Invoice/Pay App # | Date | Amount |
|---|---|---|
| 19 | 8/31/2023 | $303,134.79 |
| 20 | 9/30/2023 | $72,035.10 |
| 21 | 10/31/2023 | $22,400.00 |
| 22 | 11/30/2023 | $42,417.00 |
| 24 | 1/31/2024 | $37,950.00 |
| 25 | 2/29/2024 | $29,300.00 |
| 23 | 12/31/2023 | $65,960.00 |
| 26 | 3/31/2024 | $139,283.00 |
| 27 | 4/30/2024 | $8,890.00 |
| 28 | 05/31/2024 | $36,550.00 |

|  | Total | $757,919.89 |
|--|--|--|

9. United Steel has also submitted numerous change order requests that remain pending (the "Pending Changes"). All but two of these requests are from August 2023 or prior. Several of the Pending Changes have been pending for more than a year.

10. The Pending Changes total an additional $435,452.00. Whiting-Turner's failure to timely process these change orders constitutes a material breach of the Subcontract.

11. Whiting-Turner's ongoing refusal to approve and process valid change order requests substantiating significant costs incurred by United Steel is a violation of the duty of good faith and fair dealing, which is recognized under Maryland law. *See, Polek v. J.P. Morgan Chase Bank*, N.A., 36 A.3d 399, 416 (Md. Ct. App. 2012).

12. United Steel has properly requested change orders and submitted pay applications; however, Whiting-Turner has repeatedly, without any justification, refused to approve and process changes order or pay United Steel's pay applications. Based on all of the foregoing, Whiting-Turner is in material breach of the Subcontract and has violated its duty of good faith and fair dealing in performance of the Subcontract.

## CAUSES OF ACTION

### COUNT I:
### BREACH OF CONTRACT

13. United Steel incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

14. Whiting-Turner was obligated to pay United Steel according to the terms of the Subcontract.

15. Whiting-Turner was obligated to timely process and pay United Steel's change order requests according to the terms of the Contract.

16. Whiting-Turner did not pay United Steel in accordance with the Subcontract.

17. Whiting-Turner has not paid all of United Steel's properly submitted pay applications.

18. Whiting-Turner has not processed United Steel's change order requests, many of which have been pending for over a year.

19. Upon information and belief, Whiting-Turner did not issue a notice of withholding to the Contracting Officer stating a valid basis for withholding payment from certify to the United States that there was a valid basis to withhold payment from United Steel.

20. Whiting-Turner failed to use all reasonable means to obtain change orders from the United States.

21. Under the prevention doctrine, Whiting-Turner has an implied duty to perform under the Prime Contract by submitting applications for payments related to United Steel's performance to the United States so that payment can be made to United Steel as required by the Subcontract.

22. Upon information and belief, Whiting-Turner failed to demand payment from the United States in violation of the prevention doctrine and as a result maintains that it is not able to pay United Steel.

23. Whiting-Turner's failure to timely pay all amounts due to United Steel for its work on the Project is a material breach of the Contract.

24. Upon information and belief, in material breach of the Subcontract, Whiting-Turner also has failed to pay United Steel all amounts it has been paid by the United States for United Steel's work.

25. Despite the affirmative duty to do so, Whiting-Turner has failed to properly certify to the United States that it was withholding payment from United Steel in accordance with the specifications.

26.     Despite the affirmative duty to do so, Whiting-Turner failed to ensure that it adhered to the withholding procedures set forth in the specifications.

27.     United Steel complied with all obligations under the Subcontract and fulfilled all conditions precedent to payment.

28.     In material breach of the Subcontract, Whiting-Turner has failed and refused to issue change orders to United Steel for the additional labor and materials provided to the Project.

29.     Because of Whiting-Turner's breach of the Subcontract and the implied duty of good faith and fair dealing, United Steel has been damaged in an amount to be proven at trial.

31.     United Steel is entitled to judgment against Whiting-Turner for all amounts due under the Subcontract.  United Steel seeks damages in an amount to be determined at trial.

32.     United Steel is also entitled to recover its attorneys' fees and costs in this action under the terms of the Subcontract and/or as otherwise permitted by law.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

30.     United Steel incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

31.     United Steel's Subcontract with Whiting-Turner is a written instrument that carries with it the implied covenant to perform all obligations in good faith.

32.     Whiting-Turner, in bad faith and without valid excuse, failed and/or refused to perform its obligations under the Subcontract.

33.     Whiting-Turner's unjustified failure and/or refusal to perform its obligations under the Subcontract deprived United Steel of the fruits of the Subcontract, and thus constitutes a breach of the implied covenant of good faith and fair dealing.

34. Whiting-Turner's breach of the implied covenant of good faith and fair dealing caused United Steel to incur damages, which may include, but are not limited to, amounts currently due and owing, plus other costs, expenses, and damages to be proven at trial.

**COUNT III**
**FEDERAL PROMPT PAYMENT ACT VIOLATIONS**

35. United incorporates by reference all the preceding paragraphs of this Complaint as though fully set forth herein.

36. The Prompt Payment Act requires prime contractors to pay their subcontractors for work performed satisfactorily within seven (7) days of receipt of payment from the Owner. *See* 31 U.S.C. § 3902(b)(1); FAR 52.232-27(c)(1).

37. If payment is not made within such time, an interest penalty begins to accrue at the rate established by the Secretary of the Treasury under Section 12 of the Contract Disputes Act (CDA)—currently, 4.875% per annum. Interest begins to run the day after the required payment is due and ends on the date that payment is made. *See* 31 U.S.C. § 3902(b); FAR 52.232-27(c)(2).

38. Upon information and belief, the Owner has paid Whiting-Turner.

39. Whiting-Turner, however, had refused to pay United all amounts due and owing.

40. Because United has withheld payments from United for its satisfactorily performed work on the Project, Whiting-Turner has violated the Prompt Payment Act and is liable to United for all amounts due under the Subcontract, prompt payment interest, and attorney's fees and costs.

41. Pursuant to FAR 52.232-27, Whiting-Turner failed to issue (1) a notice conforming to the standards of FAR 52.232-27(g) to United, and (2) a copy of such notice to the Contracting Officer.

42.     Whiting-Turner was obligated to notify the Contracting Officer upon the reduction or non-payment of any amounts in United's applications for payment by specifying (1) the amounts withheld under FAR 52.232-27, (2) the dates that such withholding began and ended.

43.     Pursuant to FAR 52.232-27(g), Whiting-Turner's notice was required to include (1) the amount to be withheld, (2) the specific causes for the withholding under the terms of the subcontract, and (3) the remedial actions to be taken by the subcontractor in order to receive payment of the amounts withheld.

44.     Whiting-Turner failed to follow the withholding procedures in the Prompt Payment Act.

45.     United has incurred and continues to incur attorney's fees because of Whiting-Turner's withholding.

46.     United is entitled to interest and all costs available for Whiting-Turner's Prompt Payment Act violations.

47.     Whiting-Turner's violation of the Prompt Payment Act caused United Steel to incur damages, which may include, but are not limited to, amounts currently due and owing, plus other costs, expenses, and damages to be proven at trial.

**WHEREFORE**, Plaintiff prays the Court grant relief as follows:

    1.     Judgment in Plaintiff's favor on all claims made herein;

    2.     Compensatory damages in an amount to be proven at trial;

    3.     An award of punitive damages for intentional and willful acts;

    4.     An award of interest, attorneys' fees, and costs; and

    5.     Such other and further relief as the Court deems proper.


Dated:  June 25, 2024

Respectfully submitted,

*/s/ Gordon S. Woodward*
Gordon S. Woodward (AIS No. 9612190301)
GORDON REES SCULLY MANSUKHANI, LLP
277. S. Washington Street, Suite 550
Alexandria, VA  22314
Telephone:     301/512-9218
Fax:              202/800-2999
Email:  gwoodward@grsm.com
*Attorneys for Plaintiff United Steel, Inc.*

## **CERTIFICATE OF ADMISSION**

In accordance with Maryland Rule 1-313, I hereby certify that I am a member in good standing of the Bar of the Supreme Court of Maryland and admitted to practice law in Maryland.

*/s/ Gordon S. Woodward*
Gordon S. Woodward

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June, 2024, a true and accurate copy of the foregoing Complaint was filed electronically and served by electronic mail to Counsel for Plaintiff.

*/s/ Gordon S. Woodward*
Gordon S. Woodward